## DIZEN and Wife *against* BATES, late Sheriff, &c.

A JUDGMENT of nonsuit having been entered in
this cause, for not declaring,

*Sill,* for the plaintiff, now moved to set aside the
judgment, on the ground of irregularity.

Where the de-
fendant, after an
appearance, en-
tered a rule in
vacation, to de-
clare before the
end of the next
term, which was
served on the

*agent* of the plaintiff's attorney; it was held, that the service of the notice of the rule might be
at any time before the term, and if the plaintiff did not declare before the end of the term, his
default might be entered, though forty days had not elapsed from the time of serving the no-
tice on the agent.

ALBANY,
Feb. 1811.

BOURS
v.
TUCKERMAN.

Notice of the rule to declare before the end of the. then term, was served on the agent of the plaintiff's attorney, on the 24th of *July*, and the plaintiff's attorney swore that he did not receive it in time to declare before the expiration of the rule, and that he did not think a default would be entered before the expiration of forty days, the service being on the agent in vacation. The default was entered on the 29th of *October*, and the judgment of nonsuit on the 16th of *December*.

*Rodman*, contra.

*Per Curiam.* The motion must be denied. The proceedings on the part of the defendant have been regular. The rule is explicit, that the defendant, having duly appeared, may, at any time thereafter, take a rule against the plaintiff to declare before the end of the term next following, after service of the notice of the rule. Where the service of the notice is at any time before the term, the plaintiff is in default, if he does not declare before the end of the term.

Motion denied.